UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| OMAR TYSON, | \* | |
|         Plaintiff | \* | |
| | \* | CIVIL NO. |
| V. | \* | |
| | \* | |
| | \* | |
| STATE OF CONNECTICUT | \* | |
| DEPARTMENT OF ENERGY & | \* | |
| ENVIRONMENTAL PROTECTION AND | \* | |
| COMMISSIONER, | \* | |
| KATIE SCHARF DYKES, | \* | |
| IN HER OFFICIAL CAPACITY | \* | |
|         Defendants | \* | May 28, 2021 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**FIRST COUNT:**      [42 U.S.C. §2000e, et seq]

1.      This is an action for money damages and injunctive relief to redress the deprivation by the defendants, through their agents, servants and/or employees, of the rights secured to the plaintiff by the Constitution and laws of the United States, as well as those of the state of Connecticut. The defendants, through their agents, servants and/or employees, were responsible for violating plaintiff's federal and state statutory rights, and thereby improperly deprived him the freedom and liberty afforded to all citizens of this state and country, without any cause, justification or excuse.

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Sec. 2000e, et seq., the Civil Rights Acts of 1964 and 1991, Title VII thereof, the Americans with Disabilities Act of 1990, as amended, 42 U.S. Code § 12101, et seq., and Article I, Section 1 of the Connecticut Constitution, which confers pendent jurisdiction upon this Court with respect to any cause of action under state law.

3. During all times mentioned herein, the plaintiff, Omar Tyson ("plaintiff" or "Tyson"), was a citizen of the United States, residing within the county of Hartford, city of Hartford, and state of Connecticut. The plaintiff is African American of race, black of color, and has a medical condition/disability.

4. At all times mentioned herein, the defendant, the Department of Energy & Environmental Protection ("defendant" or "DEEP"), is a state governmental agency involved in the improvement of environmental and energy resources within the state of Connecticut. DEEP employs well over 100 persons at various locations throughout the State. The co-defendant, Katie Scharf Dykes ("co-defendant" or "Dykes"), was and is the Commissioner of DEEP and is named as a co-defendant in her official capacity.

5. The plaintiff commenced employment with DEEP in or about August 6, 2004. He presently works as a Sanitary Engineer II and has continually performed his duties in a satisfactory manner.

6. The plaintiff's former co-worker, John Hirschfeld ("Hirschfeld"), who is white of color and Caucasian of race, had been widely known throughout DEEP to harass, intimidate and demean the plaintiff continuously since 2012.

7. During June of 2017, Hirschfeld made disruptive and intimidating noises with his firearm while in an adjacent office cubicle to the plaintiff. Even though the plaintiff complained to the defendant, through its agents, servants, and/or employees, about Hirschfeld's ongoing hostility and discriminatory conduct towards him, nonetheless, Hirschfeld continued his harassive and intimidating behavior by entering the plaintiff's work area throughout the following months, week after week, day after day.

8. Sometime thereafter, the plaintiff also complained about Hirschfeld conspicuously yelling out to him, "You Asshole!" while he was patiently waiting for the elevator.

9. On or about June 20, 2018, the plaintiff discovered a hangman's noose prominently positioned by his cubicle's window. This caused the plaintiff to experience utter shock, disgust and fear as it was an extremely offensive and racist symbol with the clear message of attempting to intimidate him.

10. The plaintiff immediately reported the incident to his supervisor, Lori Saliby, who is white of color and Caucasian of race. Receiving no response from her, the plaintiff contacted his Union Steward, Dawn McKay, on or about June 25, 2018.

11. In or about September of 2018, the State Police investigated this incident as a hate crime. However, during March of 2019, the defendant, through its agents, servants and/or employees, in conjunction with the State Police, determined that there was not sufficient evidence to support plaintiff's claim regarding the hangman's noose.

12. Due to the harassive, discriminatory, and hostile work environment that remained unabated in the defendant's workplace, the plaintiff was caused to develop anxiety, depression, and Post-Traumatic Stress Disorder ("PTSD"). As a result of these severe and disabling health issues, the plaintiff was forced to take a medical leave of absence on or about September 26, 2018 through May 17, 2019.

13. But for the plaintiff's African American race and his being black of color, he would not have been treated in the harassive, discriminatory, disparate and dismissive manner as aforedescribed, as his continued complaints about Hirschfeld's campaign of harassment went largely unaddressed by the agents, servants and/or employees of the defendant.

14. There has been a systematic pattern and practice of the defendant, through its agents, servants, and/or employees, treating minorities, including the plaintiff, in the aforedescribed demeaning, harassive, disparate and discriminatory manner.

15. The plaintiff has repeatedly noticed a pattern and practice of discrimination within the workplace, and has experienced harassment and intimidation that was created and/or perpetrated by the agents, servants and/or employees of the defendant.

16. On or about January 29, 2019, plaintiff filed a Complaint Affidavit with the Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") in connection with the instant matter, alleging discrimination by the defendant due to the plaintiff's race, color, as well as his perceived and/or actual physical and/or mental disabilities.

17. The CHRO issued a Final Agency Decision on December 23, 2020, finding that there was reasonable cause for believing that a discriminatory practice was being committed by the defendant.

18. A Right to Sue letter was issued by the EEOC on or about March 4, 2021 with respect to plaintiff's EEOC Complaint No. 16A-2019-00658.[1]

19. The acts of the defendant, through its agents, servants and/or employees, were in the nature of discriminatory and harassive conduct in substantial part due to the plaintiff's race, and/or color, and therefore, were in violation of 42 U.S.C. Section 2000e *et seq*.

20. The actions of the defendant, through its agents, servants and/or employees, as manifested by the ongoing harassment of the plaintiff, as well as the disparate treatment to which he was subjected in relation to other employees who were Caucasian of race and white of color, amounted to discriminatory employment practices which constituted discrimination and harassment, in direct violation of Title VII of the Civil Rights Act, as defendant's actions were due in substantial part to plaintiff's race and/or color.

---

[1] See Ex. A

21. The acts of the defendant, through its agents, servants and/or employees, violated the plaintiff's civil rights as afforded by to 42 U.S.C. Section 2000e, *et seq.*

22. In or about August 27, 2019, the defendant finally terminated plaintiff's former co-worker, Hirschfeld, not because he had consistently harassed, discriminated and openly intimidated the plaintiff, but because he threatened another management level employee, who happened to be white of color and Caucasian of race.

**SECOND COUNT:**   [42 U.S. Code § 12101, et seq.]

1-18 Paragraphs 1 through 18 of this Complaint are hereby incorporated by reference and made Paragraphs1 through 18 of the Second Count, as if fully set forth herein.

19. The plaintiff is an "individual with a disability" within the meaning of the Americans with Disabilities Act.

20. The disabilities of the plaintiff include anxiety, depression, and PTSD.

21. The aforedescribed conduct of the co-defendant, through her agents, servants and/or employees, was motivated, in substantial part, by the perception of and/or plaintiff's actual physical and/or mental disabilities.

22. The plaintiff was capable of performing his duties even with his physical/mental disabilities which were diagnosed in or around 2018. The accommodation the plaintiff requested was that all ongoing discrimination, harassment, and/or intimidation by Hirshfield immediately cease, which the co-defendant, through her agents, servants and/or employees failed to do.

23. The harassment of the plaintiff by the co-defendant, through her agents, servants and/or employees, was as a result of discriminatory, disparate and harassive treatment in violation of the Americans with Disabilities Act, 42 U.S. Code § 12101, et seq, insofar as

Case 3:21-cv-00736-JAM   Document 1   Filed 05/28/21   Page 6 of 7

6

he had been continually harassed on the basis of his perceived and/or actual disabilities and because of the co-defendant, through her agents', servants' and/or employees', perception of the plaintiff as having such a disability.

WHEREFORE, the plaintiff claims judgment against the defendant and co-defendant, for their acts through their agents, servants and/or employees, as follows:

a. Compensatory damages in the amount of no less than Six Hundred Thousand Dollars ($600,000.00);

b. Attorney's fees and the reimbursement of costs associated with the bringing of the instant action;

c. Permanent injunctive relief to prevent the co-defendant from further engaging in the aforedescribed ongoing discriminatory, disparate and harassive conduct in violation of the plaintiff's federally protected civil rights; and

d. Such other relief as this Court, in its sound discretion, shall consider to be just, fair and equitable.

PLAINTIFF, OMAR TYSON

BY: _____
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT 06511-6406
Tel. No. (203) 624-4666
Federal No. ct05747
His Attorneys

The plaintiff hereby requests a trial by jury.

EEOC Form 161 (11/2020)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Omar Tyson<br>255 Palm Street<br>Hartford, CT 06112 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>15 New Sudbury Street, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2019-00658 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 865-3672 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]   Other *(briefly state)*     **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Feng K. An*                      March 4, 2021

Enclosures(s)         **Feng K. An,**<br>                       **Area Office Director**           *(Date Issued)*

cc:    **DEPARTMENT OF ENERGY AND ENVIRONMENTAL**     Martyn Philpot, Jr., Esq.
      c/o: Colleen Valentine, Esq.                                   Law Office of Martyn Philpot, Jr., LLC
      Assistant Attorney General                                     409 Orange Street
      Office of the Attorney General                               New Haven CT 06511
      165 Capitol Ave.
      Hartford, CT 06106

**EXHIBIT A**