UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAR TYSON,<br>    *Plaintiff*,<br><br>v.<br><br>STATE OF CONNECTICUT DEPARTMENT OF ENERGY & ENVIRONMENTAL PROTECTION, AND COMMISSIONER KATIE SCHARF DYKES, IN HER OFFICIAL CAPACITY,<br>    *Defendants*. | No. 3:21-cv-736 (JAM) |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Omar Tyson has filed this lawsuit against the Connecticut Department of Energy and Environmental Protection ("DEEP") and DEEP Commissioner Katie Scharf Dykes. He alleges a claim of race discrimination under Title VII of the Civil Rights Act of 1964 against DEEP, and he alleges a claim of disability discrimination under the Americans with Disabilities Act ("ADA") against Commissioner Dykes. The defendants have moved to dismiss.

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint cannot rely on conclusory allegations. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). A complaint that engages in a threadbare recital of the elements of a cause of action but that fails to include supporting factual allegations does not establish plausible grounds for relief. *Ibid.*

I will grant the motion to dismiss without prejudice for the reasons stated at length on the record following oral argument yesterday. As to the Title VII claim, the complaint does not

allege facts to plausibly show that any of the adverse consequences Tyson alleges he faced were because of race discrimination that may be attributed or imputed to DEEP. To be sure, the complaint alleges abusive acts by a non-supervisory co-worker, but it does not allege facts to plausibly suggest that this co-worker was acting for reasons related to Tyson's race. A plaintiff's subjective belief—standing alone—is not enough to support an inference or claim that he or she has been subject to discrimination. *See Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 75 (2d Cir. 2015); *Groeber v. Friedman & Schuman*, P.C., 555 F. App'x 133, 135 (3d Cir. 2014). Nor does the fact that the co-worker was of a different race than Tyson, standing alone, plausibly suggest that the co-worker abused Tyson because of his race. *See Milledge v. City of Hartford*, 2020 WL 3510813, at *3 (D. Conn. 2020) (citing cases).

The complaint additionally alleges facts relating to a hangman's noose, which strongly suggest hostility toward Tyson—who is African American—based on his race. But the complaint does not allege that it was the abusive co-worker who left this noose or allege any facts to suggest that this act is more generally attributable to DEEP for purposes of either a disparate treatment or hostile work environment claim. *See Brockman v. NAES Corp.*, 2021 WL 863471, at *4 (D. Conn. 2021). Indeed, the complaint alleges that there was a state police investigation. The complaint does not allege facts—as distinct from conclusory statements—to plausibly support a Title VII claim.

As to the ADA claim, a plaintiff must allege facts showing that he was subject to adverse treatment *because* of his disability. *See David v. NYC Dept of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015); *Walsh v. Coleman*, 2020 WL 7024927, at *4 (D. Conn. 2020). Because a disability discrimination claim requires facts to show that disability was a reason for discrimination, it is not enough for an employee to allege merely that the employer engaged in adverse action against

the employee during a time period when the employee was disabled. The fact that an employee is disabled does not mean that it is plausible to conclude that any adverse actions taken by an employer are because of the employee's disability. Although the complaint alleges that Tyson was disabled, it does not allege that Commissioner Dykes (or anyone else at DEEP) subjected him to any adverse treatment because of his disability.

Moreover, Tyson concedes that Commissioner Dykes as a state officer is immune under the Eleventh Amendment from a claim for monetary damages under Title I of the ADA. *See Lee v. Dep't of Child. & Fam.,* 939 F. Supp. 2d 160, 165–66 (D. Conn. 2013). To the extent that Tyson seeks prospective injunctive relief against Commissioner Dykes under the exception to Eleventh Amendment immunity as allowed under *Ex Parte Young*, 209 U.S. 123 (1908), he does not allege facts to show any ongoing disability-based discrimination against him.

For these reasons, the Court GRANTS the motion to dismiss without prejudice. Tyson may file an amended complaint by November 19, 2021.

It is so ordered.

Dated at New Haven this 20th day of October 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge