UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAR TYSON,<br>    *Plaintiff*,<br><br>        v.<br><br>STATE OF CONNECTICUT<br>DEPARTMENT OF ENERGY &<br>ENVIRONMENTAL PROTECTION *et al.,*<br>    *Defendant*. | No. 3:21-cv-736 (JAM) |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS**

The defendant Connecticut Department of Energy and Environmental Protection ("DEEP") moves for spoliation sanctions against plaintiff Omar Tyson.[1] DEEP contends that Tyson willfully destroyed evidence—a particular photo and a cellphone used to take the photo—relating to his discrimination claim. Although I agree with DEEP that Tyson should not have discarded the photo and the phone, I am unable to conclude on the present record that he did so intentionally to make this evidence unavailable for this litigation.

Accordingly, I will grant DEEP's motion in part to the extent that I will instruct the jury that Tyson had a duty to preserve the photo and the phone but failed to do so and then to allow the jury to draw a permissive adverse inference if it concludes that Tyson discarded this evidence with improper intent to make it unavailable for this litigation. I will otherwise deny DEEP's motion to the extent that DEEP seeks dismissal, preclusion of evidence, or a mandatory adverse inference instruction.

---

[1] Doc. #68. The Court has previously dismissed Commissioner Katie Scharf Dykes as a defendant. Doc. #47.

**BACKGROUND**

Tyson is an African American who has been employed as a sanitary engineer at DEEP since 2004.[2] As relevant here, Tyson claims that he was subject to a race-based hostile working environment. He premises this claim in part on his alleged discovery on or around June 20, 2018, of a noose tied into the drawstrings of venetian blinds by his cubicle.[3] Tyson promptly reported the incident to his supervisor, Lori Saliby.[4] He alleges that after receiving no meaningful response, he also reached out to his union steward, Dawn McKay.[5] Tyson forwarded her a photo he took of the noose.[6]

Several days later the Connecticut State Police began an investigation into the incident.[7] As part of the investigation the police requested to conduct a forensic examination of Tyson's phone so they could restore the original photograph of the noose, which Tyson had purportedly deleted.[8] Tyson declined, citing privacy reasons.[9] The police investigation ultimately concluded there was insufficient evidence to support Tyson's claim regarding the noose.[10]

On February 2, 2022, DEEP requested discovery relating to any photographs Tyson ever took of the noose and the associated metadata.[11] Tyson initially produced a PDF version of the requested photograph without any intact metadata.[12] He later supplemented his response, explaining that he had deleted the original photograph of the noose because he did not want the

---

[2] Doc. #35 at 2 (¶ 5).
[3] *Id.* at 6-7 (¶ 24); Doc. #68-1 at 1.
[4] Doc. #35 at 7 (¶ 25).
[5] *Ibid.*
[6] Doc. #71-1 at 2-3; Doc. #68-10 at 2-3.
[7] Doc. #68-12.
[8] *Id.* at 4.
[9] *Ibid.*
[10] Doc. #35 at 7 (¶ 27).
[11] Doc. #68-1 at 2.
[12] *Ibid.*

picture to remain in his general photo library.[13] The image he produced in discovery was a screenshot of the original photo.[14]

DEEP then requested to conduct a forensic examination of the phone and camera on which Tyson took the original photo.[15] Tyson responded that he no longer had that phone, as it was "at least two versions ago."[16]

DEEP now moves for spoliation sanctions because of Tyson's deletion of the original photo and because of his discarding the cellphone he used to take the photo.[17] DEEP claims that Tyson's destruction of this evidence prevents or impairs it from challenging Tyson's claim that he found a noose at the time that he claimed to do so.[18] DEEP seeks dismissal of the case or to prevent Tyson from asserting any evidence about his finding the noose or an adverse jury instruction.[19]

## DISCUSSION

A court has "broad discretion" when deciding whether and how to sanction parties for spoliation of evidence. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). To obtain sanctions based on the spoliation of evidence, the movant must show "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of

---

[13] *Id.* at 2-3.
[14] *Ibid.*
[15] *Id.* at 3.
[16] *Ibid.*
[17] Doc. #68.
[18] Doc. #68-1 at 4-5.
[19] Doc. #68 at 1; Doc. #68-1 at 17.

fact could find that it would support that claim or defense." *Klipsch Group, Inc v. ePRO E-Commerce Limited*, 880 F.3d 620, 628 (2d Cir. 2018).[20]

Rule 37 of the Federal Rules of Civil Procedure was amended in 2015 to clarify the parties' obligations to preserve electronically stored information. In relevant part, the rule now requires a court to conclude that "the destroying party acted with the intent to deprive another party of the information's use in the litigation" before the court may impose sanctions such as entry of an adverse inference instruction or default judgment. *Coan v. Dunne*, 602 B.R. 429, 437 (D. Conn. 2019).

The amended version of Rule 37(e) sets forth a three-part inquiry. First, a court takes on the threshold question of whether a party failed to take "reasonable steps" to preserve electronically stored information "that should have been preserved in the anticipation or conduct of litigation." Fed. R. Civ. P. 37(e). Second, a court examines if there has been "prejudice to another party from loss of the information." Fed R. Civ. P. 37(e)(1). If there has, the court "may order measures no greater than necessary to cure the prejudice." *Ibid.* Finally, if the destroying party "acted with the intent to deprive another party of the information's use in the litigation," then a court may impose measures such as mandatory presumptions or instructions that the lost information was unfavorable to the party or the entry of default judgment. Fed. R. Civ. P. 37(e)(2).

As to the first element, Tyson does not dispute that he deleted the original photo of the noose along with its associated metadata. Neither does he dispute that he has not produced the phone on which he took the original photo. There is thus no question that the evidence has not been preserved. The remaining issue is whether Tyson had an obligation to do so.

---

[20] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

4

A party that "reasonably anticipates litigation must maintain all evidence that they knew or should have known . . . may be relevant to that litigation." *Jacquety v. Baptista*, 538 F. Supp. 3d 325, 342 (S.D.N.Y. 2021) (citing *Fujitsu Ltd. V. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)). The duty to preserve can arise "even before formal initiation of an action, once a party reasonably anticipates litigation." *Ibid.*

Tyson first mentioned the possibility of filing a discrimination claim in March 2018.[21] In text messages between Tyson and McKay on March 20, 2018, Tyson told McKay that he had consulted with his sister, an attorney, who advised him to pursue a discrimination case with the Commission on Human Rights and Opportunities.[22] A few days later, Tyson told McKay that he wanted his sister, whom he referred to as his "attorney," as well as a Connecticut State Senate member, to be present at a meeting scheduled with HR to "let them know we mean business."[23]

Courts have found that a duty to preserve evidence may arise when a plaintiff has clearly signaled an intention to pursue legal action. *See, e.g.*, *Karsch v. Blink Health Ltd.*, 2019 WL 2708125, at *18 (S.D.N.Y. 2019) (obligation to preserve arose when plaintiff sent defendant a letter demanding repayment and threatening legal action); *Ottoson v. SMBC Leasing and Finance, Inc.*, 268 F. Supp. 3d 570, 581 (S.D.N.Y. 2017) (the plaintiff had an obligation to preserve evidence from the date her counsel "sent a demand letter . . . threatening litigation and requesting [p]laintiff's personnel file"). Tyson's texts show that he was making concrete plans to file a discrimination claim at least three months before he discovered the noose in June 2018. And so by the time Tyson deleted the original photo of the noose, he certainly had an obligation to preserve any evidence that might be relevant to contemplated future legal action.

---

[21] Doc. #71-1 at 4.
[22] Doc. #68-10 at 2.
[23] *Ibid.*

Tyson counters that he could not have foreseen that a photo of the noose would become a "critical piece of evidence" in his claim.[24] But this argument is hard to square with Tyson's own assertion that discovering the noose was the "straw that broke the camel's back" in motivating him to pursue legal action.[25] Moreover, the duty to preserve arises when a plaintiff knows or should have known that the evidence would be "relevant" to future litigation. *In re Keurig Green Mtn. Single-Serve Coffee Antitrust Lit.*, 341 F.R.D. 474, 495 (S.D.N.Y. 2022). Tyson himself agrees that evidence of the noose is "unquestionably relevant to his claim."[26]

Tyson further contends that he did not know he had a legal obligation to preserve the original copy of the photo and its associated metadata or the phone on which he took the original photo.[27] Certainly in evaluating what constitute "reasonable steps" under Rule 37 a court should "be sensitive to the party's sophistication," as "individual litigants[] may be less familiar with preservation obligations." Rule 37(e) adv. comm. n. to 2015 amend. But even taking into consideration Tyson's status as an individual litigant, I still find that it was unreasonable for him to not retain evidence relating to the noose. At the time he found the noose, Tyson was taking steps to catch someone "in the act" of harassing him, believing that was the only way to prove a discrimination claim.[28] It would be odd for Tyson to make plans to "catch" the person in the act but not believe he should retain other evidence of the noose he allegedly found on June 20.

Tyson's duty to preserve the original phone on which he took the photo is even clearer. Tyson still had the original phone at the time of the initial police investigation in 2018. The request from the police to conduct a forensic analysis of Tyson's phone put him on notice that

---

[24] Doc. #71-1 at 5.
[25] *Id.* at 7.
[26] *Id.* at 10.
[27] *Id.* at 5.
[28] Doc. #68-6 at 20.

the phone would be relevant to any allegations related to the noose. Tyson lost possession of the phone at some point after the investigation—after his obligation to preserve had already arisen. As such, I find that with respect to both the original photo and the original phone, Tyson failed to take "reasonable steps" to preserve electronically stored information as required by Rule 37(e).

This brings me to the second step of analysis—whether DEEP has been prejudiced. Rule 37(e) "leaves judges with discretion to determine how best to assess prejudice in particular cases." *In re Keurig*, 341 F.R.D. at 495 (citing Fed. R. Civ. P. 37(e)(1) adv. comm. n. to 2015 amend.). To show it has been prejudiced, a party typically needs to show the destroyed evidence would have not only been probative, but also would affirmatively support that party's claim. *See Ungar v. City of New York*, 329 F.R.D. 8, 15 (E.D.N.Y. 2018).

However, because it is difficult to know the exact content of deleted evidence, it would be unfair to require "affirmative proof as to whether the evidence would have been advantageous to the movant." *Karsch*, 2019 WL 2708125, at *20. The moving party need not establish a "smoking gun," but must have evidence that plausibly "suggests" the spoliated evidence could support the moving party's case. *Id.* at *21.

DEEP alleges that the metadata attached to the original photo could call into question the timeline Tyson offers for when he discovered the noose and reported it to his supervisor.[29] This in turn might cast doubt on whether the noose existed at all or the identity of who tied it. DEEP cites Tyson's deposition, in which Tyson makes conflicting statements about when he saw the noose, photographed it, and sent the picture to McKay.[30] DEEP also points to the fact that

---

[29] Doc. #68-1 at 12.
[30] *Id.* at 5.

investigations conducted by both the State Police and DEEP were unable to find sufficient evidence that there was a noose.[31]

On balance, it is plausible to conclude that the original photo and its associated metadata would have been damaging to Tyson's case for the reasons DEEP suggests. Similarly, Tyson's discarding of the phone may have prevented DEEP from recovery of metadata about the photo. Accordingly, as to the second step under Rule 37(e), I conclude that there has been prejudice to DEEP from Tyson's destruction of the original photo and the phone.

Finally, I turn to the third step of analysis—whether Tyson failed to preserve evidence relating to the noose for the bad faith purpose of depriving his adversaries from using such evidence in this or related litigation. As evidence of Tyson's purported intent, DEEP relies on the fact that Tyson untied the noose after he discovered it, deleted the original photograph "without a legitimate reason," and "lost or discarded the device" on which he took the original photograph.[32]

I held an evidentiary hearing to allow counsel to examine Tyson about why he deleted the original photo and discarded his phone.[33] As to the deleted photo, Tyson claimed that he retained only a screenshot because he did not want a picture of a noose in his photo library next to images of his home renovations.[34] By taking a screenshot of the original, he was able to move the photo out of his general library and into a separate folder.[35] He further explained that the phone on which he took the photo was two versions prior to the one he currently has, that he cannot find the phone, and that he may have thrown it away.[36]

---

[31] *Id.* at 14.
[32] *Id.* at 16.
[33] Docs. #74, #76.
[34] Doc. #68-6 at 8-9.
[35] *Id.* at 18-19.
[36] *Id.* at 22.

All in all, DEEP did not conclusively prove to my satisfaction at the evidentiary hearing that Tyson destroyed the evidence in order to secure an advantage for himself in this litigation. For this reason, I decline to award sanctions in the form of dismissal or preclusion of evidence.

But this is not to say that I necessarily agree with Tyson's claim that he had innocent reasons for what he did. It is only to say that the evidence on the limited record before me was not conclusive. It is plain to see that Tyson's deletion of the photo and discarding of his phone will inevitably come up at trial, and I am satisfied that DEEP may be able to persuade the jury that Tyson harbored improper motives when he deleted the photo and discarded the phone.

In my view, the best way forward is for me to instruct the jury that Tyson had a duty to retain the photo and the phone, that he violated this duty by deleting the photo and discarding the phone when he knew that this evidence was relevant to his litigation, and that—if the jury concludes that he destroyed evidence in order to secure an advantage in this litigation—then the jury may conclude that the photo (with its metadata) and the phone would have disclosed information adverse to Tyson and undermined his claim of a hostile work environment. *See* Fed. R. Civ. P. 37 adv. comm. n. to 2015 amend. (allowing court to determine that Rule 37(e)(2) intent finding should be made by a jury with instruction that jury may find lost evidence unfavorable with finding of intent to deprive); *Coan*, 602 B.R. at 442 (jury may determine inference to be drawn from lost emails to determine intent to defraud).

## CONCLUSION

For the reasons set forth above, the Court GRANTS in part and DENIES in part the motion for spoliation sanctions. The Court GRANTS the motion to the extent that it will instruct the jury that Tyson had a duty to preserve the photo and the phone but that he failed to do so and to allow the jury to draw an adverse inference if it concludes that Tyson discarded this evidence

with intent to make it unavailable for this litigation. The Court DENIES the motion to the extent that DEEP seeks dismissal, preclusion of evidence, or a mandatory adverse inference instruction.

It is so ordered.

Dated at New Haven this 15th day of November 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge