### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

OMAR TYSON,
  *Plaintiff*,

  v.

STATE OF CONNECTICUT
DEPARTMENT OF ENERGY &
ENVIRONMENTAL PROTECTION,
  *Defendant*.

No. 3:21-cv-736 (JAM)

### ORDER RE ADMISSIBILITY OF EVIDENCE
### CONCERNING POSSESSION OF FIREARMS

Plaintiff Omar Tyson works for the defendant, State of Connecticut Department of

Energy and Environmental Protection ("DEEP"). He advances a claim for a racially hostile work

environment based on the alleged conduct of a co-worker named John Hirschfeld. Tyson claims

Hirschfeld subjected him to racially-motivated harassment from 2011 to June 2018.

The case is now in the midst of trial, and I have previously issued a ruling addressing

most of the parties' motions *in limine*. *See Tyson v. Dep't of Energy & Env't Prot.*, 2024 WL

397205 (D. Conn. 2024). My ruling, however, deferred consideration of whether Tyson could

introduce evidence that a search of Hirschfeld's home in July 2019 disclosed the presence of

multiple firearms. *Id.* at *4. In the meantime, Tyson has filed an additional motion *in limine*

proposing to admit a certified arrest warrant application which recounts that DEEP law

enforcement officers executed a risk warrant at Hirschfeld's apartment on July 19, 2019 and

recovered numerous firearms, including an assault rifle, ammunition for an assault rifle, two

pistols, and four revolvers.[1]

---

[1] Doc. #136.

DEEP disputes the evidence on relevance and prejudice grounds. It does not dispute the authenticity of the arrest application or raise a hearsay objection.

As an initial matter, I conclude that evidence of Hirschfeld's possession of revolvers in 2019 is relevant to a disputed issue at trial. Tyson has testified that, on multiple occasions, he heard the sound of a clicking revolver from Hirschfeld's cubicle, and that he complained to DEEP management about this in June 2017. DEEP disputes Tyson's account and claims that any sound he heard was another object, such as an EpiPen or insulin. Tyson also testified that a DEEP supervisor (Barbara Viadella) told him that Hirschfeld was caught carrying a concealed gun in the DEEP building and then forced to return it to a gun store and to provide a receipt to HR as proof of his return of the weapon. DEEP also disputes this account.

In order for evidence to be relevant, it need only have "any tendency" to make a fact "that is of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that Hirschfeld possessed multiple revolvers and pistols in July 2019 makes it more likely that Tyson was correct when he reported that Hirschfeld was making threatening noises with a revolver in his cubicle and that Hirschfeld had previously brought a concealed firearm to DEEP's offices. Courts have ruled that evidence that a person possessed a firearm on one occasion is relevant to show that they possessed a firearm on another occasion. *See United States v. Arroyo*, 600 Fed. App'x 11, 13 (2d Cir. 2015) ("[E]vidence that [defendant] possessed a firearm less than seven months after the . . . drug sales is certainly relevant to show that he had an opportunity to possess a gun at the time of those sales."); *United States v. Ravich*, 421 F.2d 1196, 1204 (2d Cir. 1970) ("[A] jury could infer from the possession of a large number of guns at the date of arrest that at least some of them had been possessed for a

substantial period of time, and therefore that the defendants had possessed guns on and before the date of the robbery."); *United States v. Lauria*, 541 F. Supp. 3d 311, 316-17 (S.D.N.Y. 2021) (citing cases). More generally, "[a]fter-arising events 'may well be relevant if they retrospectively shed light on the significance and nature of acts that are within the temporal scope of the complaint.'" *See Tyson*, 2024 WL 397205, at *3 (D. Conn. 2024).

The probative value of Hirschfeld's possession of revolvers and pistols in 2019 is not substantially outweighed by any danger of unfair prejudice. *See* Fed. R. Evid. 403. To the extent that the jury has an adverse impression of Hirschfeld, it will not necessarily attribute that to DEEP from the fact that Hirschfeld had revolvers and pistols in his residence in 2019, especially considering that DEEP ultimately terminated Hirschfeld's employment in August 2019 in response to his threatening conduct and after DEEP police discovered the firearms.

DEEP argues that the arrest warrant application is cumulative. But so far in this trial, the only evidence relating to Hirschfeld's possession of firearms in 2019 is Tyson's account that he learned from an emergency meeting with the DEEP Commissioner in 2019 that Hirschfeld was in jail because of weapons found at his home.[2] DEEP has disputed Tyson's account. The arrest warrant application significantly corroborates a claim by Tyson concerning Hirschfeld's possession of weapons in 2019 that DEEP has disputed.

Nor is evidence of Hirschfeld's possession of firearms in 2019 offered for an improper character or propensity purpose. *See* Fed. R. Evid. 404. To the contrary, it is offered for proper purposes under Fed. R. Evid. 404(b)(2) to show Hirschfeld's opportunity to bring firearms to the

---

[2] This evidence comes from Tyson's testimony as well as notes of his therapist. It was relevant not only to the issue of whether Hirschfeld possessed and used weapons to intimidate Tyson at his workplace but also to the scope of Tyson's ongoing claim for emotional distress damages stemming from the alleged failure of DEEP to have credited Tyson's harassment and to have terminated Hirschfeld's employment before he could engage in later threatening conduct.

workplace, as well as Tyson's knowledge and absence of mistake with respect to his belief that Hirschfeld had a firearm in the workplace. *See Arroyo*, 600 Fed. App'x at 13 (evidence of later-found firearms was proper under Rule 404(b) to show that defendant had opportunity to previously possess firearms).

DEEP argues that Hirschfeld's charges have been dismissed and erased. But DEEP does not cite precedent to show that such erasure of criminal charges and criminal record under state law precludes the mention or admission of evidence in a federal court of the execution and fruits of a risk warrant. If DEEP is concerned about prejudice from the jury learning of Hirschfeld's arrest, it may introduce evidence that the charges against Hirschfeld were eventually dismissed (which it claims is a matter of public record).

In short, I conclude that it is proper for Tyson to introduce certain evidence of Hirschfeld's possession of firearms in 2019. This includes the parts of the arrest warrant application that identify the four revolvers and two pistols found at Hirschfeld's residence. Revolvers are consistent with the weapons that Tyson claims he heard, and both revolvers and pistols are consistent with Tyson's allegation that Hirschfeld brought a concealed firearm to work.

But evidence of an assault weapon is not nearly so probative, and its probative value would be substantially outweighed by the danger of unfair prejudice. Although Tyson claims that evidence of Hirschfeld's possession of an assault weapon is relevant to his claim that Hirschfeld sometimes held up his walking cane and pointed it as if pointing a rifle, I do not agree. There is a significant difference between a claim that Hirschfeld actually brought one or more revolvers or other concealed firearms to the workplace and a claim that he used a prop to mimic pointing a rifle. Whether or not Hirschfeld actually possessed an assault rifle does not make it more likely

4

that Hirschfeld engaged in conduct to mimic the use of some type of rifle. By contrast, if Hirschfeld actually possessed multiple revolvers or other concealed firearms, this makes it more likely that he had the opportunity to bring one or more of them to the workplace for intimidation, as Tyson claims.

Accordingly, the exhibit must be redacted to exclude information about the discovery of an AR-15 assault rifle and ammunition for the assault rifle.[3] In the absence of any claim of relevance, I will also require the exhibit to be redacted to exclude a vague allegation that Hirschfeld was untruthful to the DEEP police at the time that the warrant was executed.

Similarly, the third page of the document details the particular charges filed, bond amounts, and a court appearance. Tyson's motion makes no showing why any of this specific information on the third page of the exhibit is relevant. Therefore, I will admit the first two pages of the arrest warrant application, provided that they are properly redacted to exclude such information identified above. In addition, if DEEP wishes to propose a limiting instruction for the Court to give at the time of admission of the arrest warrant application and/or in the final jury instructions, it should promptly file a proposed limiting instruction.

## CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part Tyson's motion *in limine* as set forth in this ruling.

It is so ordered.

Dated at New Haven this 8th day of February 2024.

---

[3] This is consistent with the redaction of the therapist records to exclude references to recovery of an assault weapon at Hirschfeld's residence.

_/s/ **Jeffrey Alker Meyer**_
Jeffrey Alker Meyer
United States District Judge